**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LARRY JENKINS** : | |
| : | **CIVIL ACTION COMPLAINT NO**. |
| Plaintiff, : | |
| : | **JURY TRIAL OF TWELEVE (12)** |
| : | **JURORS DEMANDED** |
| v. : | |
| : | |
| **TRANS UNION LLC** : | |
| : | |
| **And** : | |
| : | |
| **EQUIFAX INFORMATION SERIVCES** : | |
| **LLC** : | |
| : | |
| **And** : | |
| : | |
| **BANK OF AMERICA, N.A.** : | |
| : | |
| **And** : | |
| : | |
| **SOUTHEAST FINANICAL CREDIT** : | |
| **UNION** : | |
| : | |
| Defendants. : | |

**COMPLAINT**

NOW comes the Plaintiff, Larry Jenkins (hereinafter the "Plaintiff"), through their Counsel of record to make their allegations known against the Defendants by and through their complaint that alleges the following:

**PRELIMINARY STATEMENT**

1.      This is an action for actual, statutory, and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 <u>et</u> <u>seq</u>. (Fair Credit Reporting Act).

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

1

3.      Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district.

4.      Defendant, Trans Union is a citizen and resident of the Eastern District of Pennsylvania; and, as to said Defendant, a substantial part of the events or omissions giving rise to the claim here occurred. Furthermore, Trans Union's headquarters is located in the Eastern District of Pennsylvania.

5.      All defendants conduct regular, continuous, systematic and substantial business in the Eastern District.

6.      Upon information and belief, all Defendants conduct regular and substantial "e-commerce," and, likewise, Defendants' related books, records, data and documents are believed maintained electronically (with nationwide accessibility-including within the Eastern District).

7.      Co-Defendant, Trans Union regularly furnish consumer reports to third-parties; some of whom may (subject to discovery) be citizens, residents, and/or witnesses located within the Eastern District.

## **PARTIES**

8.      Plaintiff is a natural person and a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

9.      Defendant, Trans Union, LLC, is a For-Profit Limited Liability Company registered to do business in Pennsylvania and with a registered agent in Pennsylvania. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Trans Union's consumer dispute center is located in the Eastern District of Pennsylvania.

10.     Defendant, Equifax Information Services, LLC, (hereinafter Equifax) is a For-Profit Limited Liability Company registered to do business in Pennsylvania and with a registered agent in Pennsylvania. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d) to third parties. Based on information and belief, Equifax is reporting consumer credit files on over two million consumers in Pennsylvania.

11.     Defendant, Bank of America, N.A., (hereinafter, BOA) is a Foreign for-profit company registered to do business in Pennsylvania and with a registered agent in Pennsylvania. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to one or more consumer reporting agencies about consumer transactions. BOA is a financial institution actively conducting business in Pennsylvania.

12.     Defendant, Southeast Financial Credit Union, (hereinafter, SEFCU) is a Foreign for-profit company registered to do business in Pennsylvania and with a registered agent in Pennsylvania. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to one or more consumer reporting agencies about consumer transactions. Southeast Financial CU is a financial institution actively conducting business in Pennsylvania.

## FACTUAL ALLEGATIONS

13.     Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

3

14.     BOA and Trans Union reported inaccurate credit information on Plaintiff's credit reports.

15.     SEFCU and Trans Union reported inaccurate credit information on Plaintiff's credit reports.

16.     SEFCU and Equifax reported inaccurate credit information on Plaintiff's credit reports.

**As to Trans Union and BOA's Credit Reporting**

17.     Plaintiff's BOA Account # 22892**** was paid in full on or about 02/29/2016 which brought it current with a $0 balance.

18.     The debt with BOA arose from a mortgage. The account was closed on the same day it was paid in full, on 02/29/2016. The last day the account was updated on 02/29/2016, the same day the account was paid in full.

19.     Well after the account was paid in full, BOA and Trans Union continued the account with a "Pay Status: Account 120 Days Past Due Date".

20.     It is impossible and incorrect for an account that was fully paid off which brought it current with a "0" balance to still be reporting as past due.  Not only is the BOA account false on the face of the credit report but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on this account that was previously paid in full.

21.     In addition to reporting the inaccurate pay status, but the payment history grid fails to credit Plaintiff's last and final payment that paid off the account in full. On 02/29/2016, the last and final payment that paid off the account was made, but the payment history grid stops on 1/2016 and reports "120", which is translated to 120 days past the due date. The payment history grid should have updated to report the last and final payment made and reported 02/2016 as "OK" which is current.

22.     The account's "pay status" should have been updated to "Account Paid/Zero Balance".

23.     Nowhere on the account's trade-line does it report that the account is paid in full.

24.     As required by the Fair Credit Reporting Act, Plaintiff mailed a detailed and thorough dispute letter to Trans Union. On information and belief, after receiving Plaintiff's dispute, Trans Union notified BOA of the dispute.  As a result of Plaintiff's dispute, BOA verified the account as accurate and instructed Trans Union to continue to report the inaccurate credit information Trans Union continued to report the inaccurate credit information at the instructions of BOA

**As to Trans Union and SEFCU's Credit Reporting**

25.     SEFCU Account # 46409**** was paid in full on or about 05/12/2014 which brought it current with a $0 balance.

26.     The debt with SEFCU arose from an auto loan. The account was closed on the same day it was paid in full on 05/12/2014. The last day that the account was updated was on 05/12/2014, the same day the account was paid in full.

27.     Even though Plaintiff did not have any financial obligation to SEFCU because the account was paid in full and closed, SEFCU and Trans Union continued to report that Plaintiff still had a required financial obligation to pay SEFCU $652.00 per month. In addition to reporting that he still owed them $652.00 per month, but they also inaccurately reported the "pay status" of the account as currently "30 days past due date" on the monthly payment requirement of $652.00. None of which is accurate.

28.     Well after the account was paid in full, SEFCU and Trans Union continued to report the account with a "Pay Status: Account 30 Days Past Due Date" as well as a continued monthly financial obligation of $652.00 per month.

29.     It is impossible and incorrect for a closed account that was fully paid off which brought it current with a "0" balance to still be reporting that he is currently 30 days past due on a required monthly payment obligation, that is not even owed.  Not only is the SEFCU account false on the face of the credit report but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on this account that was previously paid in full.

30.     The account's "pay status" should have been updated to "Account Paid/Zero Balance" and the "Terms" should have been updated to "$0".

31.     Nowhere on the account's trade-line does it report that the account is paid in full.

32.      As required by the Fair Credit Reporting Act, Plaintiff mailed a detailed and thorough dispute letter to Trans Union. On information and belief, after receiving Plaintiff's dispute, Trans Union notified SEFCU of the dispute.  As a result of Plaintiff's dispute, SEFCU verified the account as accurate and instructed Trans Union to continue to report the inaccurate credit information.  Trans Union continued to report the inaccurate credit information at the instructions of SEFCU.

**As to Equifax and SEFCU Credit Reporting**

33.     SEFCU Account # 46409**** was paid in full on or about 05/12/2014 which brought it current with a $0 balance

34.     The debt with SEFCU arose from an auto loan. The account was closed on the same day it was paid in full on 05/12/2014.

35.     Well after the account was paid in full, SEFCU and Equifax continued to report the account with an "Account Status: Not More than Two Payments Past Due" (translated to 60 days past due) as well as a continued monthly financial obligation of $652.00 per month.

36.     Even though Plaintiff did not have any financial obligation to SEFCU because the account was paid in full and closed, SEFCU and Equifax continued to report that Plaintiff still had a required financial obligation to pay SEFCU $652.00 per month. In addition to reporting that he still owed them $652.00 per month, but they also inaccurately reported the "account status" of the account as currently past due on the monthly payment requirement of $652.00.  None of which is accurate.

37.     It is impossible and incorrect for a closed account that was fully paid off which brought it current with a "0" balance to still be reporting that he is currently past due on a required monthly payment obligation, that is not even owed.  Not only is the SEFCU account false on the face of the credit report but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on this account that was previously paid in full.

38.     The account's "status" should have been updated to "Account Paid/Zero Balance" and the "Scheduled Payment Amount" should have been updated to "$0".

39.     As required by the Fair Credit Reporting Act, Plaintiff mailed a detailed and thorough dispute letter to Equifax. On information and belief, after receiving Plaintiff's dispute, Equifax notified SEFCU of the dispute.  As a result of Plaintiff's dispute, SEFCU verified the account as accurate and instructed Equifax to continue to report the inaccurate credit information. Equifax continued to report the inaccurate credit information at the instructions of SEFCU.

**As to all Defendants**

40.     The "pay status"/"account status" is a significant data field that represents the current condition of the accounts. The data field works independently of the other data fields in the reporting tradeline and is critical in maintaining accurate reporting. At the time that the accounts were paid and closed, the accounts should have reported with a "Pay Status"/"Account Status"

data field showing that the accounts were paid. Instead, the accounts are inaccurately reporting as currently past due. Recent delinquencies are more damaging than older delinquencies because they are weighted heavier in determining credit scores. Because the "pay status"/"account status" acts independently from the other information, the inaccurate reporting as if the Plaintiff is currently late on payments, even if those late payments are $0. Listing a debt with a $0 balance owed as past due is nonsensical. If no balance is owed, the consumer cannot be late paying the balance. By continuing to report the accounts as past due, lenders believe that the consumer is currently late, which negatively reflects on consumers' credit repayment history, their financial responsibility as a debtor, and their credit worthiness/reputation.

41.     The computer algorithms used by the lending industry to determine a consumer's credit worthiness will misinterpret the status of Plaintiff's BOA and SEFCU accounts as reported by Trans Union, Equifax, BOA and SEFCU to be current past due obligations, thus negatively affecting Plaintiff's credit worthiness.

42.     Trans Union did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after they knew or should have known the information was incorrect.

43.     Trans Union did not provide a good faith investigation into the disputed BOA and SEFCU accounts.

44.     Equifax did not provide a good faith investigation into the disputed SEFCU.

45.     Equifax did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after they knew or should have known the information was incorrect.

46.     BOA did not provide a good faith investigation into the disputed account of the Plaintiff.

8

47.     SEFCU did not provide a good faith investigation into the disputed account of the Plaintiff.

48.     Trans Union and Equifax have a statutory duty to have reasonable procedures to assure maximum accuracy. Their procedures regarding this reporting are not assuring accuracy, much less maximum accuracy.

## CAUSES OF ACTION

49.     Plaintiff incorporates by reference the foregoing paragraphs and footnotes as though the same were set forth at length herein.

50.     This suit is based upon the Defendants violations of the Fair Credit Reporting Act. All causes of action were the producing causes of damages which Plaintiff has suffered.

## COUNT I-VIOLATION OF THE FAIR CREDIT REPORTING ACT

51.     Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

52.     This suit is brought against all Defendants as the damages made the basis of this suit were caused by their violations of the FCRA. In all instances of violating the FCRA, Defendants did so willfully and/or negligently. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys' fees.

15 U.S.C. §1681n, "Civil Liability for willful noncompliance" reads:

> (a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
> (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000
> (2) such amount of punitive damages as the court may allow; and
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

And, 15 U.S.C. §1681o, "Civil Liability for negligent noncompliance" reads:

> (a) Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:
>
> (1) any actual damages sustained by the consumer as a result of the failure; and
> (2) in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

### _Trans Union's FCRA Violations_

53.    Trans Union violated their duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good faith investigation into Plaintiff's notice of dispute. Plaintiff requested Trans Union to reinvestigate the inaccurate reporting of their accounts via detailed and thorough dispute letter.

54.    The dispute was detailed, thorough and informed Trans Union of all the relevant information regarding the inaccuracies of the accounts and provided enough information to show the accounts were being reported inaccurately.

55.    Trans Union did not conduct a good faith and reasonable investigation into Plaintiff's dispute.

56.    These accounts were paid off in full, and Trans Union is currently reporting Plaintiff's accounts with a "$0" balance but currently past due. It is impossible for Plaintiff to make "$0" payments to bring the accounts current. With this type of reporting, Plaintiff will never be able to bring the accounts current.

57.    Trans Union was notified and made aware of the specific issues from the dispute letter. It should have been easy for Trans Union to determine that the accounts were extremely inaccurate with the information that was provided.

58.     The fact that Trans Union is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports, which are viewable and have been viewed by third parties, is proof that Trans Union did not conduct a reasonable investigation. If Trans Union would have properly investigated the issues, they would have determined that the accounts were paid off, with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Trans Union had conducted this proper investigation, they would have corrected or deleted the Plaintiff's accounts that are inaccurate and misleading.

The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C. §1681i(a)(1)(a) reads:

(a)  Reinvestigations in case disputed information

(1) Reinvestigation required

(A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And:

15  U.S.C. §1681i(a)(5) reads:

(5) Treatment of Inaccurate or Unverifiable Information

(A)*In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

(i)     promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii)   promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

59.     Trans Union is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy.

60.     Plaintiff's accounts were paid in full, but Trans Union continued to report the accounts with a late/past due status. If Trans Union had reasonable procedures, they would not allow accounts to report as though the accounts are currently past due, with a "$0" balance, after the accounts were paid off and brought current. Trans Union should be reporting the accounts as "paid" and not "past due."  Trans Union should not allow an account to report a required monthly payment obligation on an account with a $0 balance.  These accounts are reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their accounts current. Trans Union lacks the procedures to avoid such faulty reporting. Trans Union knows that these accounts were paid, however, they continue to report a current status as past due.

15 U.S.C. §1681e(b) reads as follows:

(a)  Accuracy of the Report

Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.

61.  Trans Union has been on notice that reporting an account with a $0 balance and a late status is not accurate. Trans Union was a co-defendant in *Macik v. JPMorgan Chase Bank, N. A., et al.*: U.S. District Court for the Southern District of Texas, Galveston Division (Case 3:14-cv-44). Plaintiff's Counsel filed suit against Transunion, Equifax and JPMorgan Chase bank in

Galveston, Texas, alleging that they were reporting her pay status as 90 days past due, with a zero ($) balance, even though the account was paid off five years earlier. Macik lost a home loan because the program that is used in determining eligibility specifically stated that her Chase account was late two or more times in the last twelve months, even though the loan it was referring to was paid in full five (5) years earlier.

62.     The Macik jury determined that reporting an account with a $0 balance, and a current late pay status, is not only inaccurate, but a willful violation of the FCRA. Trans Union knows this because they were a co-defendant and had counsel present when the jury verdict was rendered as well as receiving an ECF copy of the ruling.

### *Equifax's FCRA Violations*

63. Equifax violated their duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good faith investigation into Plaintiff's notice of dispute. Plaintiff requested Equifax to reinvestigate the inaccurate reporting of their account via detailed and thorough dispute letter.

64. The dispute was detailed, thorough and informed Equifax of all the relevant information regarding the inaccuracies of the account and provided enough information to show the account was being reported inaccurately.

65. Equifax did not conduct a good faith and reasonable investigation into Plaintiff's dispute.

66.  This account was paid off in full, and Equifax is currently reporting Plaintiff's account with a "$0" balance but currently past due. It is impossible for Plaintiff to make "$0" payments to bring the account current. With this type of reporting, Plaintiff will never be able to bring the account current.

67.    Equifax was notified and made aware of the specific issues from the dispute letter. It should have been easy for Equifax to determine that the account was extremely inaccurate with the information that was provided.

68.    The fact that Equifax is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports, which are viewable and have been viewed by third parties, is proof that Equifax did not conduct a reasonable investigation. If Equifax would have properly investigated the issues, they would have determined that the account was paid off, with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Equifax had conducted this proper investigation, they would have corrected or deleted the Plaintiff's account that is inaccurate and misleading.

The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C. §1681i(a)(1)(a) reads:

(a)  Reinvestigations in case disputed information

(1) Reinvestigation required

(A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And:

16  U.S.C. §1681i(a)(5) reads:

(5) Treatment of Inaccurate or Unverifiable Information

(A)*In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information

is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

> (iii)   promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

> (iv)   promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

69.   Equifax is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy.

70.   Plaintiff's account was paid in full, but Equifax continued to report the account with a late/past due status. If Equifax had reasonable procedures, they would not allow an account to report as though the account is currently past due, with a "$0" balance, after the account was paid off and brought current. Equifax should be reporting the account as "paid" and not "past due." Equifax should not allow an account to report a required monthly payment obligation on an account with a $0 balance This account is reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their account current. Equifax lacks the procedures to avoid such faulty reporting. Equifax knows that this account was paid, however, they continue to report a current status as past due.

15 U.S.C. §1681e(b) reads as follows:

> (b)   Accuracy of the Report

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.

71.   Equifax has been on notice that reporting an account with a $0 balance and a late status is not accurate. Equifax was a co-defendant in *Macik v. JPMorgan Chase Bank, N. A., et al.*: U.S.

District Court for the Southern District of Texas, Galveston Division (Case 3:14-cv-44). Plaintiff's Counsel filed suit against Transunion, Equifax and JPMorgan Chase bank in Galveston, Texas, alleging that they were reporting her pay status as 90 days past due, with a zero ($) balance, even though the account was paid off five years earlier. Macik lost a home loan because the program that is used in determining eligibility specifically stated that her Chase account was late two or more times in the last twelve months, even though the loan it was referring to was paid in full five (5) years earlier.

72.     The Macik jury determined that reporting an account with a $0 balance, and a current late pay status, is not only inaccurate, but a willful violation of the FCRA. Equifax knows this because they were a co-defendant and receiving an ECF copy of the ruling.

### ***BOA's FCRA Violations***

73. Defendant, BOA violated its duty under 15 U.S.C. §1681s-2(b) to conduct a reasonable and good faith investigation into Plaintiff's notice through a dispute letter and failing to delete or correct the inaccurate information. After receiving a dispute notice from Trans Union, Defendant, BOA, did not conduct a complete, accurate or reasonable investigation into the disputed issue. BOA verified the inaccurate information that was disputed from a detailed and thorough dispute letter. BOA should have discovered that the information they are providing the Credit Reporting Agencies was not accurate. BOA knew of their current faulty reporting because Plaintiff's account was fully satisfied with a $0 balance. Had Defendant, BOA properly investigated Plaintiff's dispute, they would have corrected the reporting to a paid status. It is impossible for Plaintiff to make "$0" payments to bring their account current. BOA was made fully aware of the inaccurate reporting and failed to correct or delete the account.
The section entitled "Duty of Furnishers of Information Upon Notice of Dispute" under

15 U.S.C. §1681s-2(b) reads:

(1)  After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute <u>with</u> regard the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

    (A) conduct an investigation with respect to the disputed information:

    (B)  review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

    (C)  report the results of the investigation to the consumer reporting agency;

    (D) <u>if</u> the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

    (E)  if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate based on the results of the reinvestigation promptly
        (i)     modify that item of information
        (ii)    delete that item of information
        (iii)  permanently block the reporting of that item of information

### ***SEFCU's FCRA Violations***

74. Defendant, SEFCU violated its duty under 15 U.S.C. §1681s-2(b) to conduct

a reasonable and good faith investigation into Plaintiff's notice through a dispute letter and failing

to delete or correct the inaccurate information. After receiving a dispute notice from Trans Union

and Equifax, Defendant, SEFCU, did not conduct a complete, accurate or reasonable investigation

into the disputed issue. SEFCU verified the inaccurate information that was disputed from a

detailed and thorough dispute letter. SEFCU should have discovered that the information they are

providing the Credit Reporting Agencies was not accurate. SEFCU knew of their current faulty

reporting because Plaintiff's account was fully satisfied with a $0 balance. Had Defendant, SEFCU

17

properly investigated Plaintiff's dispute, they would have corrected the reporting to a paid status.

It is impossible for Plaintiff to make "$0" payments to bring their account current. SEFCU was

made fully aware of the inaccurate reporting and failed to correct or delete the account.

The section entitled "Duty of Furnishers of Information Upon Notice of Dispute" under

15 U.S.C. §1681s-2(b) reads:

(2) After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute
<u>with</u> regard the completeness or accuracy of any information provided by a person
to a consumer reporting agency, the person shall

    (A) conduct an investigation with respect to the disputed information:

    (B) review all relevant information provided by the consumer reporting
agency pursuant to section 1681i(a)(2) of this title;

    (C) report the results of the investigation to the consumer reporting
agency;

    (F) <u>if</u> the investigation finds that the information is incomplete or
inaccurate, report those results to all other consumer reporting
agencies to which the person furnished the information and that compile and
maintain files on consumers on a nationwide basis.

    (G) if an item of information disputed by a consumer is found to be
inaccurate or incomplete or cannot be verified after any reinvestigation under
paragraph (1), for purposes of reporting to a consumer reporting agency only,
as appropriate based on the results of the reinvestigation promptly
    (i) modify that item of information
    (ii) delete that item of information
    (iii) permanently block the reporting of that item of
information

75. Plaintiff has suffered actual harm due to Trans Union and Equifax still reporting the

negative tradeline provided by BOA and SEFU on Plaintiff's Trans Union and Equifax reports

even though Trans Union and Equifax were put on notice of the inaccurate negative reporting

through Plaintiff's dispute letters.

76. The reporting of this credit information on Plaintiff's credit report negatively reflects upon the Plaintiff, his credit repayment history, his financial responsibility as a debtor and his credit worthiness. This information was furnished by BOA and SEFCU and reported by Trans Union and Equifax, misrepresenting the payment rating and/or status of Plaintiff's accounts, and is currently being reported and reflected upon Plaintiff's credit report, resulting in lowering Plaintiff's credit score and furthering and increasing Plaintiff's damages.  Including but not limited to Plaintiff being denied credit and required to pay higher interest rates on loans that were granted.

77. Plaintiff's credit reports, credit information and file formulated by Trans Union and Equifax have been viewed by current and potential credit grantors and extenders of credit, as indicated by inquiries on each of their credit reports. The inaccurate information furnished by BOA and SEFCU and reported by Trans Union and Equifax is continuing to damage the Plaintiff's credit rating as well as their credit reputation.

78. As a result of Defendants, Trans Union, Equifax, BOA and SEFCU's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, all to Plaintiff's great detriment and loss.

79. As a result of Defendants' conduct, Plaintiff has suffered actual damages all to Plaintiff's great detriment and loss.

80. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

81. The conduct of Defendants was the direct and proximate cause, as well as, a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above

and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as, such other relief, permitted by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor against Defendants based on the following requested relief:

a. Actual and compensatory damages pursuant to 15 U.S.C. §1681;

b. Statutory damages pursuant to 15 U.S.C. §1681;

c. Punitive damages pursuant to 15 U.S.C. §1681;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

e. Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

BY: */s/ Matthew Weisberg*
MATTHEW B. WEISBERG, ESQ
WEISBERG LAW
ATTORNEY FOR PLAINTIFF
Attorney ID No. 85570
7 South Morton Ave. 19070
Morton, PA
610-690-0801
Fax: 610-690-0880
mweisberg@weisberglawoffices.com

BY*: /s/ Gary Schafkopf*
GARY SCHAFKOPF, ESQ
SCHAFKOPF LAW, LLC
ATTORNEY FOR PLAINTIFF
Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334
gary@schaflaw.com

BY: */s/ Dennis McCarty*
DENNIS McCARTY, ESQ
McCARTY & RABURN A CONSUMER LAW FIRM, PLLC
ATTORNEY FOR PLAINTIFF (*Pro Hac Vice* to pend)
Mississippi Bar No. 102733
Supreme Court of the United States Bar No. 302174
Federal Bar No. 993800
2931 Ridge Rd
Suite 101 #504
Rockwall, TX 75032
817-704-3375
Fax: 817-887-5069
dennismccartylaw@gmail.com

20